IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
WICHITA FALLS DIVISION

| | | |
|---|---|---|
| PATRICK A. WHITE, SR., <br> TDCJ No. 00827179, <br><br> Plaintiff, <br><br> v. <br><br> STATE OF TEXAS, et al., <br><br> Defendants. | § § § § § § § § § § § | <br><br><br><br><br> Civil Action No. 7:23-cv-087-O |

## ORDER DISMISSING CASE

This is a civil rights action filed by Patrick A. White, Sr., an inmate confined in the Allred Unit of the Texas Department of Criminal Justice in Iowa Park, Texas. Defendants are the State of Texas, the James V. Allred Unit, and Officer Sheets a.k.a. Mahaffey. *See* Complaint, ECF No. 1 at 1. White states that abatement clauses and statutes are being issued by law enforcement officers. *Id.* He then presents a list of federal and state court cases. *Id.* at 2-3. In his Declaration, White states that he is confined against his own free will. *Id.* at 4.

Review of Plaintiff's litigation history reflects that he is barred from proceeding *in forma pauperis* pursuant to the provisions of the Prison Litigation Reform Act of 1995.

28 U.S.C. § 1915(g) provides that:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

The only exception to the "three-strikes" bar of § 1915(g) is when the prisoner is under imminent danger of serious physical injury. *Banos v. O'Guin*, 144 F.3d 883, 884 (5th Cir. 1998). To meet the "imminent danger" exception, the "threat or prison condition [must be] real and proximate." *Valdez v. Bush*, No. 3:08-cv-1481-N, 2008 WL 4710808, at *1 (N.D. Tex. Oct. 24, 2008) (quoting *Ciarpaglini v. Saini*, 352 F.3d 328, 330 (7th Cir. 2003)). "Allegations of past harm do not suffice — the harm must be imminent or occurring at the time the complaint is filed." *Id.* "Moreover, the prisoner must allege specific facts showing that he is under imminent danger of serious physical injury." *Id.* "General allegations that are not grounded in specific facts which indicate that serious physical injury is imminent are not sufficient to invoke the exception to § 1915(g)." *Id.* (quoting *Niebla v. Walton Corr. Inst.*, No. 3:06-cv-275-LAC-EMT, 2006 WL 2051307, at *2 (N.D. Fla. July 20, 2006)).

At least three of Patrick A. White, Sr.'s prior civil actions, each filed when he was incarcerated, have been dismissed as frivolous, malicious, or for failure to state a claim. *See White v. State of Texas*, No. 5:10-cv-083 (W.D. Tex.) (dismissed on March 31, 2010 as frivolous and for failure to state a claim); *White v. Garcia*, No. 2:10-cv-137 (N.D. Tex.) (dismissed on August 12, 2010 as frivolous and for failure to state a claim); *White v. TDCJ*, No. 4:10-cv-1625 (S.D. Tex.) (dismissed on May 11, 2010 as frivolous, malicious, and for failure to state a claim). In the instant case, Plaintiff has not presented a claim of imminent danger of serious physical injury. Therefore, he is not entitled to proceed *in forma pauperis* and any such motion would be denied. If he wishes to proceed with the instant complaint, White must pay the $402.00 filing and administrative fees.

For the foregoing reasons, this action is **DISMISSED** without prejudice as barred by the three strikes provision of 28 U.S.C. § 1915(g). *See Brown v. Megg*, 857 F.3d 287 (5th Cir. 2017); *Adepegba v. Hammons*, 103 F.3d 383 (5th Cir. 1996), *abrogated in part on other grounds by Coleman v. Tollefson*, 575 U.S. 532, 537-38 (2015). Plaintiff may reopen this case by paying the **$402.00** filing and administrative fees and filing a motion to reopen within 30 days of the date of this order.

**SO ORDERED** this **29th day** of **August, 2023**.

*[signature]*
Reed O'Connor
UNITED STATES DISTRICT JUDGE